IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **THOMAS STEPHENSON,** | ) | Case No. 19-00149 |
| | ) | |
| Debtor | ) | (Chapter 11) |
| | ) | |

**DISTRICT OF COLUMBIA'S MOTION FOR
(1) ENTRY OF AN ORDER SHORTENING THE NOTICE AND OBJECTION
PERIODS WITH RESPECT TO DISTRICT OF COLUMBIA'S MOTION TO
APPOINT TRUSTEE AND (2) ENTRY OF AN ORDER FOR AN EXPEDITED
HEARING ON DISTRICT OF COLUMBIA'S MOTION TO APPOINT TRUSTEE**

The District of Columbia ("District"), a creditor and party in interest herein, by and through its attorneys, the Office of the Attorney General for the District of Columbia, hereby files its Motion for Entry of an Order Shortening the Notice and Objection Periods with respect to the District's Motion to Appoint Trustee pursuant to Rule 2002-1(b)(2) of the Local Rules of the United States Bankruptcy Court for the District of Columbia ("LBR"), setting the deadline to file Objections, if any, to the relief requested in the District's Motion to Appoint Trustee by close of business on Monday, June 24, 2019; and scheduling the hearing to consider the District's Motion to Appoint Trustee on Monday, July 2, 2019 at 2:00 p.m.  In support whereof, the District respectfully represents as follows:

**JURISDICTION**

(1) This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and 11 U.S.C. § 1104 *et seq.*  This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409.

**PARTIES**

(2) The District, a municipal corporation empowered to sue and be sued, is the local government for the territory constituting the permanent seat of the government of the United States.

(3) Debtor, Thomas Stephenson ("Debtor"), is a retired District of Columbia police officer who owns, operates, manages, leases and otherwise controls a number of real properties. Pursuant to Debtor's Schedules of Assets and Liabilities filed on March 27, 2019, Docket Entry No. 24, the properties are as follows: 711 49th Street, N.E., Washington, DC 20019; 719 49th Street, N.E., Washington, DC 20019; 4815 Kansas Avenue, N.W., Washington, DC 20011; 5128 Sheriff Road, N.E., Washington, DC 20019; 5134 Sheriff Road, N.E., Washington, DC 20019; and 11005 Eastern Avenue, Capitol Heights, Maryland 20743.

## I. STATEMENT OF FACTS

(4) On January 16, 2019, Debtor filed for protection under Chapter 13 of the United States Bankruptcy Code ("Bankruptcy Code"), 11 U.S.C. § 101 *et seq.*  Bankruptcy Case No. 19-00043, Docket Entry No. 1.  The Chapter 13 proceeding was dismissed on March 8, 2019, pursuant to the Chapter 13 Trustee's Motion to Dismiss for Failure to Qualify for Relief Under Chapter 13 because Debtor's non-contingent, liquidated secured debts in the amount of $1,484,739.00, were in excess of the secured debt limit of $1,184,200 set forth in 11 U.S.C. § 109(e).  Bankruptcy Case No. 19-00043, Docket Entry No. 22.

(5) On March 12, 2019, Debtor filed this case seeking relief under Chapter 11 of the Bankruptcy Code.

(6) As set forth in the District's Motion to Appoint Trustee, Debtor in his two back-to-back bankruptcy cases has not been transparent, forthright, or candid.  As described in the

District's Motion to Appoint Trustee, Debtor failed to schedule all of his assets and liabilities, as well as to state forthrightly and accurately the status of his employment. *See* District's Motion to Appoint Trustee at 11-13, 17-20.

(7) Several matters have come to the District's attention that the District deems require this Court to take expeditious action and appoint a trustee promptly. Specifically, as the District stated in its Motion to Appoint Trustee, most concerning currently is Debtor's complete failure to account for all monies that should be paid into Debtor's bankruptcy estate. As reflected in the docket filings in his Chapter 11 bankruptcy case to date, as well as in his testimony at the Section 341 creditors meetings, Debtor does not appear to have established a debtor-in-possession bank account where rental income, or any other income belonging to the estate, is being deposited. Debtor has not filed any monthly operating reports as required by Rule 2015-1 of the Local Rules of Bankruptcy Procedure, LBR 2015-1. Further, Debtor has failed "[t]o keep a record of receipts and the disposition of money and property received" as required by Rule 2015(a)(2) of the Federal Rules of Bankruptcy Procedure, Fed. R. Bankr. Pro. 2015(a)(2). *See also* Section 308(b) of the Bankruptcy Code, 11 U.S.C. § 308(b).

(8) Another issue that has raised great concern for the District is reports from Debtor's Receiver, as well as the tenants informing the District's consumer protection attorneys, that Mr. Stephenson and individuals associated with him are harassing tenants and pressuring them to sign move-out agreements under the false pretense that there is a contract for a sale of the property which was allegedly approved by a judge. Additionally, many tenants have been promised $3,000 (or, in some cases, more money) within the next few weeks if they sign these agreements. It is unclear whether any tenants have signed an agreement waiving their rights under Tenants Opportunity to Purchase Act, D.C. Official Code § 42–3404.01

(9) Prior to the District's filing its Motion to Appoint Trustee on Thursday, June 13, 2019, Debtor had failed to disclose that he entered into a Sales Contract on June 5, 2019, and that he was seeking to borrow additional funds. Thus, as of June 13, 2019, Debtor had undertaken entering into a sales contract and seeking to borrow additional funds without notice to Debtor's creditors providing the creditors with an opportunity to object and without notice to the Court depriving the Court of its authority to approve this transaction. Debtor filed a Motion to Borrow four days after the District's Motion to Appoint Trustee on June 17, 2019. *See* Docket Entry No. 65.

(10) That Debtor filed a Motion to Borrow does not rectify or change that Debtor has conducted his Chapter 11 bankruptcy with inaccuracies, omissions, and obfuscations.

WHEREFORE, the District of Columbia respectfully requests that the Court enter an Order:

(a) Shortening the notice period and opportunity to object on the District of Columbia's Motion to Appoint Trustee to on or before Monday, June 24, 2019;

(b) Setting an expedited hearing on District of Columbia's Motion to Appoint Trustee for Tuesday, July 2, 2019, at 2:00 p.m.; and

(c) For such other and further relief as the Court deems just.

Date: June 17, 2019

    Respectfully submitted,

    KARL A. RACINE
    Attorney General for the District of Columbia

    DAVID FISHER
    Deputy Attorney General

        /s/ William Burk
WILLIAM BURK, D.C. Bar No. 325274
Chief, Land Acquisition and Bankruptcy Section

        /s/ Nancy L. Alper
NANCY L. ALPER, D.C. Bar No. 411324
Senior Assistant Attorney General
Land Acquisition and Bankruptcy Section
441 4th Street, N.W., Suite 1010S
Washington, D.C. 20001
(202) 724-8122
nancy.alper@dc.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that I did serve a copy of the foregoing Chapter 7 Trustee's Motion for Emergency Hearing and to Shorten Notice Period on June 17, 2019, electronically via the Court's ECF system upon the following:

**Thomas K. Stephenson**
711 49th Street, NE
Apt #1A
Washington, DC 20019-4815

**Charles M. Maynard**
401 East Jefferson Street
Suite 208
Rockville, MD 20850

**Joseph A. Guzinski**
DOJ-UST
1725 Duke St.
Suite 650
Alexandria, VA 22314

**Benjamin P. Smith**
Shulman, Rogers et al.
12505 Park Potomac Avenue
6th Floor
Potomac, MD 20854

**Jessica Sadler**
Ballard Spahr
1909 K Street, N.W.
12th Floor
Washington, DC 20006