# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | * | |
| **THOMAS K. STEPHENSON** | * | Case No.: 19-00149 SMT |
| Debtor. | * | (Chapter 11) |

\* * * * * * * * * * * * * *

### OBJECTION OF BRANCH BANKING AND TRUST COMPANY TO DISTRICT OF COLUMBIA'S MOTION TO CONTINUE RETENTION AND FUNDING OF STATE COURT ORDERED RECEIVER PURSUANT TO SUPERIOR COURT ORDERS

Branch Banking and Trust Company (the "Lender"), by its undersigned attorneys, objects to District of Columbia's Motion to Continue Retention and Funding of State Court Ordered Receiver Pursuant to Superior Court Orders [Dkt. No. 75] (the "Retention Motion") filed by the District of Columbia (the "District"). In support of this Objection, the Lender states as follows:[1]

## BACKGROUND

1. Debtor, Thomas Stephenson ("Debtor") is the owner of multiple residential and non-residential real properties in the District of Columbia.

2. On January 10, 2019, prior to the initiation of this bankruptcy case, the Superior Court of the District of Columbia appointed a receiver (the "Receiver") over the Properties located at 711 49th Street, NE, Washington, DC 20019 and 719 49th Street, NE, Washington, DC 20019 in Case No. 18-004448 B.

3. On March 12, 2019 (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

---

[1] Unless specified otherwise, all references to "Section" are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, as presently in effect.

DMEAST #38125941 v1

4. On June 13, 2019, District filed the District of Columbia's Motion to Appoint Trustee [Dkt. No. 63], seeking the appointment of a chapter 11 trustee in the Debtor's bankruptcy case.

5. On June 21, 2019, District filed the Retention Motion seeking continued retention of the Receiver and continued funding of the Receiver. *See* Dkt. No. 75.

6. On June 22, 2019, the District filed its Motion to Shorten Objection Period for District of Columbia's Motion to Continue Retention and Funding of State Court Ordered Receiver Pursuant to Superior Court Orders [Dkt. No. 78], and on June 25, 2019, this Court entered its order granting the Motion to Shorten Objection Period [Dkt. No. 87], setting the objection deadline on July 9, 2019.

7. On June 25, 2019, this Court entered its Order Granting District of Columbia's Motion to Appoint Trustee, ordering that a trustee be appointed pursuant to 11 U.S.C. § 1104 [Dkt. No. 86] (the "Trustee Order").

8. To date, though the Court entered the Trustee Order, a trustee has not yet been appointed.

**I.   The Best Interests of Creditors are Served in this Case by Ordering the Turnover of Estate Property to the Chapter 11 Trustee.**

9. Section 543 of the Bankruptcy Code states, in relevant part, that a "custodian shall—deliver to the trustee any property of the debtor held by or transferred to such custodian." 11 U.S.C. § 543(a)(1). The property to be turned over by a custodian includes, "proceeds, product, offspring, rents, or profits of such property." *Id.* A state-court appointed receiver is a custodian within the meaning of Section 101(11), and thus required to turn over property of the estate.

10. While a court may make an exception to the turnover requirement under Section 543, it may only do so, after notice and a hearing, where "the interest of creditors . . . would be

better served by permitting a custodian to continue in possession, custody, or control of such property." 11 U.S.C. § 543(d)(1).

11. Here, the interest of creditors is best served by requiring turnover as contemplated under Section 543(a)(1), and allowing the chapter 11 trustee, once appointed, to take control of and administer the Debtor's assets, including the Properties.

12. The cases District cites in support of its argument that retention of the Receiver is in the best interest of creditors are inapposite to the situation in the present case. Specifically, none of the cited cases were chapter 11 cases in which a chapter 11 trustee had been appointed. *See In re Franklin*, 476 B.R. 545 (Bankr. N.D. Ill. 2012) (chapter 13); *In re Bryant Manor, LLC*, 422 B.R. 278 (Bankr. D. Kan. 2010) (chapter 11 case, no trustee appointed); *In re Falconridge, LLC*, Case No. 07-bk-19200, 2007 Bankr. LEXIS 3755 (Bankr. N.D. Ill., Nov. 8, 2007) (chapter 11, no trustee appointed.)

13. Here, the chapter 11 trustee can take control of and administer the Properties, while also managing the remainder of the Debtor's estate during the pendency of the bankruptcy case. Retaining and paying the Receiver will result in redundancies and additional unnecessary expense of retaining two professionals—the trustee and the Receiver—that will diminish estate assets to the detriment of legitimate creditors.

14. Due to the services that will be performed by the chapter 11 trustee, retention of the Receiver is unnecessary, both in scope and the benefit, if any, that will be provided to the estate.

15. District has not demonstrated that retention of the Receiver is in the best interest of creditors in light of the fact that a chapter 11 trustee will be appointed who can, and will, do the same job as the Receiver.

## II. A Decision on the Retention Motion Should be Held in Abeyance Pending Appointment of the Chapter 11 Trustee and His or Her Opportunity to Respond.

16. As noted above, a chapter 11 trustee will be appointed in this case shortly pursuant to the Trustee Order. The appointed trustee, who will be responsible for managing the Debtor's estate, should be allowed the opportunity to address the merits of the Retention Motion.

17. A ruling on the Retention Motion should be held in abeyance until the chapter 11 trustee has been appointed and he or she has had the opportunity to review and respond to the Retention Motion.

## III. The Lender's Reservation of Rights.

18. The Lender reserves all rights to modify or otherwise amend this Objection to assert additional objections and arguments.

WHEREFORE, Branch Banking and Trust Company, requests that this Court deny the Retention Motion, or, in the alternative, refrain from entering an order on the Retention Motion until the chapter 11 trustee has been appointed and responded to the Retention Motion.

Dated: July 1, 2019

/s/ *Jessica Hepburn Sadler*
John D. Sadler
Jessica Hepburn Sadler
BALLARD SPAHR LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Facsimile: (202) 661-2299
E-mail: sadlerj@ballardspahr.com
         sadlerjh@ballardspahr.com

*Attorneys for Branch Banking and Trust Company*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of July, 2019, a copy of the foregoing *Objection Branch Banking and Trust Company to District of Columbia's Motion to Continue Retention and Funding of State Court Ordered Receiver Pursuant to Superior Court Orders* was served via this Court's ECF system and first-class mail, postage prepaid, upon:

Karen A. Bower, Esquire
Law Office of Karen Bower
1629 K. Street, NW Suite #300
Washington, DC 20006

Nancy L. Alper, Esquire
Senior Assistant Attorney General
Office of the Attorney General for the District of Columbia
441 Fourth Street, N.W., Suite #1010S
Washington, DC 20001

Stephon D. Woods, Esq.
Robyn Bender, Esq.
Benjamin Wiseman, Esq.
Office of the Attorney General for the District of Columbia
441 4th Street, NW, Suite #630S
Washington, DC 20001

Charles M. Maynard, Esquire
Law Office of Charles M. Maynard
200-A Monroe Street, Suite #115
Rockville, Maryland 20850

Benjamin P. Smith, Esquire
Shulman Rogers Gandal Pordy & Ecker, PA
12505 Park Potomac Avenue
Sixth Floor
Potomac, Maryland 20854

/s/Jessica Hepburn Sadler