UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: ) | |
| ) | Case No. 19-00149 |
| THOMAS K. STEPHENSON, ) | Chapter 11 |
| ) | |
| Debtor. ) | |

### TRUSTEE'S MOTION FOR ENTRY OF ORDER ESTABLISHING CHAPTER 11 ADMINISTRATIVE CLAIM BAR DATE FOR DEBTOR IN POSSESSION PERIOD AND APPROVING FORM AND MANNER OF NOTICE THEREOF, NOTICE OF MOTION AND NOTICE OF OPPORTUNITY TO OBJECT

COMES NOW, Marc E. Albert, Chapter 11 Trustee for the estate of Thomas K. Stephenson (the "Debtor"), by his undersigned counsel, and in support of his Motion for Entry of Order Establishing Chapter 11 Administrative Claim Bar Date For Debtor-In-Possession Period and Approving Form and Manner of Notice Thereof (the "Motion"), respectfully states as follows:

1. The Court has subject matter jurisdiction to consider and determine the Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory basis for the relief requested is Bankruptcy Rule 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").

### BACKGROUND

2. The Debtor filed a voluntary Chapter 11 petition on March 12, 2019 (the "Petition Date").

3.  Upon consideration of a motion filed by the District of Columbia, on June 25, 2019, the Court issued an Order Granting District of Columbia's Motion to Appoint Trustee directing the appointment of a Chapter 11 trustee for the case pursuant to 11 U.S.C. § 1104. On July 22, 2019 (the "Trustee Appointment Date"), the Court entered an order approving the appointment of Marc E. Albert ("Trustee") as the Chapter 11 trustee.

4.  Prior to the Trustee's appointment, the Debtor owned a 100 percent fee simple interest and operated several multi-unit apartment buildings located in the District of Columbia including the following:

   a)  711 49th Street, NE, Washington, DC 20019 – 14 Units
   b)  719 49th Street, Washington, DC 20019 – 7 units
   c)  5128 Sheriff Rd. NE, Washington, DC 20019 – 12 Units
   d)  5134 Sheriff Rd. NE, Washington, DC 20019 – 14 Units

(collectively, the "Apartment Properties"). The Debtor additionally other properties including a single-family residential property located at 4815 Kansas Ave., NW, Washington, DC 20011 and a commercial property located at 1005 Eastern Avenue, NE, Capital Heights, Maryland 20743 (all properties collectively, the "Properties.") The Trustee now operates the Properties, including the Apartment Properties rental business as the chapter 11 trustee.

5.  Upon information and belief, there are several entities who continued to do business with or provide services to the Debtor during the time the case was under Chapter 11 prior to the Trustee's appointment (i.e. - after the Petition Date and prior to the Trustee Appointment Date) that could have valid claims for administrative expenses pursuant to § 503. The Trustee now seeks entry of an order fixing a Chapter 11 Administrative Claim Bar Date for the Debtor-In-Possession period to assess the extent and validity of these potential claims.

## RELIEF REQUESTED

6. By the Motion, the Trustee seeks entry of the Proposed Order, (i) establishing November 1, 2019 as the date (the "Chapter 11 Administrative DIP Claim Bar Date") by which holders of Chapter 11 Administrative Claims (as defined below) against the Debtor must file a request for allowance of Chapter 11 administrative expenses for the debtor-in-possession period (March 12, 2019 to July 22, 2019) with the Court; and (ii) approving the form and manner of notice of the Chapter 11 Administrative DIP Claim Bar Date, substantially in the form attached to the Proposed Order as Schedule 1.

7. To assist with the Trustee's effective takeover of the Debtor's apartment businesses as Chapter 11 Trustee, the Trustee requires, among other things, complete and accurate information regarding the nature, validity, and amount of all unpaid Chapter 11 Administrative Claims incurred while the Debtor operated the Properties as Debtor-In-Possession. Consequently, the Trustee requests that the Court establish the Chapter 11 Administrative DIP Claim Bar Date and approve the Trustee's proposed related manner of notice.

8. After the Bar Date passes, the Trustee will analyze which claims are valid. The Trustee reserves his right to object to any Chapter 11 DIP Administrative Claim on any grounds. The Trustee further reserves his right to dispute, or to assert offsets or defenses to, any claim reflected on the Schedules, or any amendments thereto, as to amount, liability, classification, or otherwise, and to subsequently designate any claim as disputed, contingent, unliquidated, or undetermined.

**A.     Definition of Chapter 11 DIP Administrative Claim**

9. For purposes of the Motion, the term "Chapter 11 DIP Administrative Claim" shall mean, as to the Debtor, (a) any right to payment, whether or not such right is reduced to judgment,

3

CORE/3516991.0003/154213314.1

liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, and (b) any right to an equitable remedy for breach of performance if such breach gives rise to a payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured that (x) arises under sections 365(d)(3), 365(d)(5), or 503(b)(1) through (8) of the Bankruptcy Code and (y) arose (or, as applicable under relevant law, accrued) on or after the Petition Date, but prior to the Trustee Appointment Date. For the avoidance of doubt, the definition of "Chapter 11 DIP Administrative Claim" encompasses applications for compensation for professionals.

10. The Trustee proposes that any person or governmental unit (as those terms are defined in sections 101(41) and (27) of the Bankruptcy Code, respectively) or other incorporated or unincorporated entity or association asserting a Chapter 11 DIP Administrative Claim be required to file with the Court a request for allowance of such Chapter 11 DIP Administrative Claim on or before the Chapter 11 DIP Administrative Claim Bar Date.

11. The Trustee proposes that any Chapter 11 DIP Administrative Claim not filed with the Court by the Chapter 11 DIP Administrative Claim Bar Date be deemed disallowed, waived, and forever barred.

**B.     Excluded Administrative Claims**

12. The Trustee proposes that the Chapter 11 Administrative Claim Bar Date shall not apply to the following (the "Excluded Administrative Claims"):

    i. fees payable to the Office of the United States Trustee pursuant to 28 U.S.C. § 1930;

ii. any party that has already properly filed a proof of claim, application, or other pleading with the Court that clearly sets forth that such party is asserting a Chapter 11 administrative claim;

iii. any party whose Chapter 11 administrative claim has been allowed by a prior order of the Court;

iv. Chapter 11 administrative claims that have been paid in full at any time prior to the Chapter 11 DIP Administrative Claim Bar Date; and

v. administrative claims incurred by the Trustee on or after the Trustee Appointment Date. These claims will be dealt with separately.

## C.     Notice of Chapter 11 DIP Administrative Claim Bar Date

13.    Pursuant to Bankruptcy Rule 2002(a)(7), the Trustee proposes to mail a notice of the Administrative DIP Claim Bar Date for filing requests for allowance of Chapter 11 DIP Administrative Claims (the "Chapter 11 DIP Administrative Bar Date Notice"), in a form substantially similar to the notice attached to the Proposed Order as Schedule 1, to the following parties (collectively, the "Notice Parties") within seven (7) days of the entry of the Court's order approving the Motion to:

i. the United States Trustee;

ii. all parties who have requested notice in the Debtor's case pursuant to Bankruptcy Rule 2002;

iii. all persons or entities that have filed claims against the Debtor;

iv. all known creditors and other known holders of claims as of the date of the order approving the Motion, including all persons or entities listed in the Schedules as holding claims for which the Debtor has addresses;

5

    v.    all counterparties to the Debtor's executory contracts and unexpired leases listed on the Schedules at the addresses stated therein;

    vi.    all attorneys of record to all parties in these cases;

    vii.    all relevant taxing authorities, including the Internal Revenue Service and the District of Columbia; and

    viii.    any additional party reasonably identified by the Trustee to be entitled to notice of the Chapter 11 DIP Administrative Claim Bar Date.

14.    The Trustee submits that such service of the Chapter 11 DIP Administrative Bar Date Notice will provide potential holders of Chapter 11 DIP Administrative Claims with reasonable time to file requests for allowance of Chapter 11 DIP Administrative Claims.

**D.**    **Consequences for Failure to File a Request for Allowance of Chapter 11 DIP Administrative Claim**

15.    The Proposed Order provides that any person, entity or governmental unit that has a Chapter 11 DIP Administrative Claim, but fails to submit a request for allowance of such Chapter 11 DIP Administrative Claim by the Chapter 11 DIP Administrative Claim Bar Date, will be forever barred, estopped, and enjoined from: (a) asserting their Chapter 11 DIP Administrative Claim against the Debtor's estate or the Trustee; (b) asserting any claim that is a different nature or classification on account of such Chapter 11 DIP Administrative Claim; and (c) participating in any distribution, or receiving any payment, from the Debtor, Trustee, or the estate on account of such Chapter 11 DIP Administrative Claim.

## BASIS FOR RELIEF

16.    Section 503(a) provides that "an entity may timely file a request for payment of an administrative expense." Pursuant to § 105, this Court may issue any order "necessary or

appropriate" to carry out, among other things, the mandate of § 503(a). Read together, these two provisions authorize approval of a deadline to file administrative claims for the period before the Trustee's appointment.

17. Sections 105 and 503, together with Bankruptcy Rules 2002 and 9007, permit the Court to approve the proposed Chapter 11 DIP Administrative Claim procedures outlined above and to approve the form, manner, and sufficiency of notice of the Chapter 11 DIP Administrative Claim Bar Date. *See* Fed. R. Bankr. P. 9007 (authorizing the Court to order the form and manner of notice and the time within which it must be given). The Trustee submits that approval of the above proposed procedures and the form, manner, and sufficiency of the Chapter 11 DIP Administrative Bar Date Notice satisfy this standard. Moreover, establishing a bar date for filing Chapter 11 DIP Administrative Claims is a critical element for the Trustee to proceed with the orderly and efficient administration of this case as chapter 11 trustee for the benefit of the Debtor's estate, creditors, and other parties-in-interest.

18. The requested relief does not alter, amend, or otherwise affect this Court's prior notice regarding deadlines for filing of claims included in the Notice of Chapter 11 Bankruptcy Case [Docket No. 16].

## NOTICE OF MOTION AND OF OPPORTUNITY TO OBJECT

Marc E. Albert, Chapter 11 Trustee for the estate of Thomas K. Stephenson, has filed a Motion for Entry of Order Establishing Chapter 11 Administrative Claim Bar Date for Debtor-In-Possession Period and Approving Form and Manner of Notice Thereof.

<u>Your rights may be affected.</u> You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to approve the motion, or if you want the Court to consider your views on the matter, then:

on or before **September 3, 2019,** after the date of filing of this motion, you or your attorney must file with the Court a written objection to the motion, together with the proposed order required by Local Bankruptcy Rule 9072-1. The objection and proposed order must be filed with the Clerk of

7

CORE/3516991.0003/154213314.1

the Bankruptcy Court, E. Barrett Prettyman U.S. Courthouse, 3rd and Constitution Avenue, N.W., Washington, D.C. 20001. You may append affidavits and documents in support of your objection.

If you mail your objection to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

You must also mail a copy of your objection to:

Joshua W. Cox
Stinson Leonard Street LLP
1775 Pennsylvania Ave, NW, Suite 800
Washington, D.C. 20006

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order approving the motion. The Court may approve the motion without a hearing if the objection filed states inadequate grounds for denial of the relief sought in the motion. Parties in interest with questions may contact the undersigned.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order: (a) granting the relief requested herein; (b) establishing November 1, 2019 as the deadline to file requests for allowance of Chapter 11 DIP Administrative Claims; (c) approving the form and manner of the Chapter 11 DIP Administrative Claim Bar Date Notice; and (d) granting such other and further relief as is just and proper.

Dated: August 15, 2019                    Respectfully submitted,

/s/ Joshua W. Cox
Joshua W. Cox, No. 1033283
STINSON LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
Tel. (202) 785-9100; Fax (202) 572-9943
joshua.cox@stinson.com
*Attorneys for Marc E. Albert, Trustee*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Trustee's Motion for Entry of Order Establishing Chapter 11 Administrative Claim Bar Date for the Debtor-In-Possession Period and Approving Form and Manner of Notice Thereof was filed electronically via the Court's ECF system and served on August 15, 2019, by first class mail, postage prepaid, upon the following:

Joseph A. Guzinski,
Assistant United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314

Thomas K. Stephenson
711 49th Street, NE
Apt #1A
Washington, DC 20019-4815

Charles M. Maynard
401 East Jefferson Street
Suite 208
Rockville, MD 20850

Nancy L. Alper
Office of Attorney General For D.C.
441 4th Street, NW Suite 6 North 93
Washington, DC 20001

John D. Sadler, Esq.
Ballard Spahr, LLP
1909 K Street, NW
12th Floor
Washington, DC 20006

Jessica Hepburn Sadler, Esq.
Ballard Spahr, LLP
1909 K Street, NW
12th Floor
Washington, DC 20006

Benjamin P. Smith, Esq.
Shulman, Rogers, Gandal, Pordy & Ecker, P.A.
12505 Park Potomac Ave., Sixth Floor
Potomac, MD 20854

Karen A. Bower
Law Office of Karen Bower
1629 K Street, NW Suite 300
Washington, DC 20006

Daniel Eisenhauer, Esquire
Stern & Eisenberg Mid-Atlantic, PC
9920 Franklin Square Drive, Suite 100
Baltimore, MD 21236

Justin T. Kitsch
TTR Sotheby's International Realty
1515 14th Street NW
Washington, DC 20005

Mario Lloyde
Vision Realty Management LLC
6325 Woodside Court, Suite 230
Columbia, MD 21046

Carol S. Blumenthal, Esq.
Blumenthal & Cordone, PLLC
7325 Georgia Ave., NW
Washington DC 20012

/s/ Joshua W. Cox
Joshua W. Cox

CORE/3516991.0003/154213314.1